ARTHUR W. SLOMAN and Another, Copartners Doing Business under the Firm Name and Style of M. SLOMAN & Co., Plaintiffs, v. WILHELM H. BENNET and Others, All Except First Named Defendant Being Copartners Trading under the Firm Name and Style of FREDERICK HUTH & Co., Defendants.

Supreme Court, New York County, February 25, 1931.

*Levy, Kraus & Leman* [*Jack Lewis Kraus, II*, and *Joel Ritz Parker* of counsel], for the plaintiffs.

*Conklin & Montross* [*Lewis R. Conklin* and *James L. Nesbitt* of counsel], for the defendants.

LEVY, J. The plaintiffs and the moving defendants were and are non-residents. The cause of action against the latter arose outside of this State not later than April, 1924, and, under the

law of the foreign jurisdiction — as established without contradiction in the moving papers — was barred by the beginning of May, 1930. The service of the summons upon Bennet was not equivalent to the commencement of the action against the movants for the reason that they are not joint contractors with Bennet, nor united in interest with him. Nor was the delivery of the summons to the sheriff of New York county an " attempt to commence an action " within the meaning of section 17 of the Civil Practice Act, in view of the fact that said section is applicable only to resident defendants, not to mention the failure of the plaintiffs to make personal service of the summons or commence publication within sixty days after the expiration of the time limited for the commencement of the action. The first effectual publication was not made until July 12, 1930, a previous attempt to serve by publication having been abandoned.

Even if this may be treated as a case where there was fraudulent concealment of the breach within the meaning of the law of the foreign jurisdiction — which it does not appear to be — the cause of action would nevertheless be barred under the foreign law since the breach was discovered in April, 1924, more than six years prior to the commencement of the action. The litigation being between non-residents upon a cause of action barred by the Statute of Limitations of the jurisdiction where it arose, the moving defendants possess a valid defense to its maintenance here. (See *Garrison* v. *Newman,* 222 App. Div. 498.)

Assuming, moreover, that our own Statute of Limitations were to be held applicable, these defendants would nevertheless be entitled to prevail since the plaintiffs knew of the defendants' breach of contract more than six years before the action was commenced.

It may not be amiss to observe that under the most favorable view from the plaintiffs' standpoint, they discovered the breach by May 21, 1924, whereas the action was not commenced until more than six years thereafter. As previously pointed out, the delivery to the sheriff was ineffectual under the Civil Practice Act as an attempt to commence the action in the light of the fact that defendants were non-residents. That section specifically requires delivery of the summons to the sheriff of the county where the defendant *resides,* which is obviously impossible where the defendant resides outside of the State. Furthermore, the given section provides that the summons must be delivered " with the intent that it shall be actually served." There can be no such intent where the defendant resides abroad.

The motion to dismiss as to the moving defendants must, therefore, be granted.