ARMANI v. CRUCIBLE STEEL CO. OF AMERICA.

No. 2770.

District Court, N. D. New York.

Motion to Amend April 30, 1947.

Peter Kolakowski, of Syracuse, N. Y., for plaintiff.

Mackenzie, Smith & Michell, of Syracuse, N. Y., for defendant.

BRENNAN, District Judge.

This action, entitled "Flower Armani, Plaintiff, v. Crucible Steel Company of America (Halcomb Plant), Defendant" is brought under the appropriate provisions of the Fair Labor Standards Act to recover the financial benefits claimed to be due by reason of claimed violations of the overtime provisions of the Act. 29 U.S.C.A. § 201 et seq.

The complaint alleges that the plaintiff has been designated by five named persons " * * * and a number of employees similarly situated to maintain this action on his behalf and on behalf of all other employees similarly situated." The facts of the employment of plaintiff and other employees similarly situated are further alleged, as is the claimed violations of the Fair Labor Standards Act, with the resulting damage to the plaintiff and all such other employees. The language of the prayer for relief contemplates that the plaintiff and all other employees similarly situated may seek judgment in the amounts found to be due them.

Motion was made by the defendant to dismiss the complaint as to all unnamed employees of the defendant, who do not within such time as the Court may fix, make themselves parties of record to this action by intervention or by written designation of the plaintiff as his or their agent to maintain this action. This motion was disposed of by agreement, and requires no decision at this time.

The plaintiff moves, (a) to amend the title of the action so that it will appear that the action is brought by Armani in his own behalf and in behalf of other employees similarly situated; (b) to obtain authorization that six named employees may intervene as plaintiffs in the action; (c) that the names of such six employees be added to the names of those five employees as they appear in paragraph "Third" of the complaint. No objection to the motion to amend so as to authorize the inclusion of the claims of the six employees above mentioned is made. Indeed, it may be doubtful that permission of the Court is required (Wright v. United States Rubber Co., D. C., 69 F.Supp. 621, at page 625), but this question need not be decided here.

The motion to amend the title of the action is based upon the desire of the plaintiff to conform the title with the allegations of the complaint, and to eliminate at this time any question as to the nature of the action itself. The defendant contends that since no objection to the intervention of the additional employees is made, there is no necessity to amend the title of the action, and that if such amendment is granted, the rights of the defendant may be prejudiced, inasmuch as new causes of action will be set up in the complaint, and the defense of the statute of limitations will be less available to the defendant if the amendment is considered as relating back to the time of the commencement of the action.

The defendant has not filed its answer, and it would seem that the pleadings at least could be amended without the necessity of application to the Court. Federal Rules of Civil Procedure, rule 15(a), 28 U.S.C.A. following section 723c.

The approach to the decision must be made in the light of recognized principles of rules governing procedure. Amendments are to be granted with liberality where the interests of justice are involved. Downey v. Palmer, 2 Cir., 114 F.2d 116. Disposition of issues upon their merits is favored over disposition made upon technical grounds.

The language of the complaint manifests a clear intention of including other employees in the benefits of the suit. The action of the defendant indicates that it understood that the suit was in fact a representative one. Neither party has been misled. It may be true that there is no real necessity to amend the title of the action, but as long as there exists any

346

doubt in the mind of the plaintiff as to his ability to obtain the full relief contemplated by the statute and indicated in the complaint, it would seem to be in the interest of justice that the caption of the action be amended so as to express the purpose of the plaintiff, as recognized by the defendant.

No new cause of action may be set up by reason of the amendment of the caption. The parties are already agreed that no employee, other than those agreed upon, may be allowed to intervene therein. The theory upon which recovery is based is not changed by the amendment. The defendant has had full knowledge of the nature of the action, and that the claims of other employees similarly situated. are already included by the language of the complaint and in the prayer for relief therein.

■ That the Fair Labor Standards Act should be liberally construed and administered is generally recognized. Whatever discretion the Court may have in the matter of the amendment should be exercised so as to allow the benefits of the statute to those who might partially be deprived thereof by the inadvertent omission in the caption of the action.

"Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied." New York Cent. & H. R. R. v. Kinney, 260 U.S. 340 at 346, 43 S.Ct. 122, 123, 67 L.Ed. 294; Culver v. Bell & Loffland, 9 Cir., 142 F.2d 29: Barrett v. National Malleable & Steel Casting Co., D.C., 68 F.Supp. 410; Jacobs v. Pennsylvania R. Co., D.C., 31 F.Supp. 595; Gibbs v. Emerson Electrical Mfg. Co., D.C., 31 F.Supp. 983.

I think it would be best to leave any discussion or decision of the question of the availability of the statute of limitations as a defense until it is in fact so pleaded.

One of the purposes of the remedy afforded in this type of action is to avoid a multiplicity of suits. Viewing the question entirely in a practical manner the de-

nial of the motion might well result in commencement of actions by the eleven employees now intervening herein, with the attendant costs and expenses. Such a result might well be both vexatious and expensive to the defendant.

The motion is granted.