## IOCONO et al. v. ANASTASIO et al.

District Court, S. D. New York.

Aug. 18, 1948.

See, also, 75 F.Supp. 602.

Joseph B. Koppelman, of New York City, for plaintiffs.

Baldwin, Todd & Lefferts, of New York City, (James F. Hogan, of New York City, of counsel), for defendant Brady & Gioe, Inc.

Bleakley, Platt, Gilchrist & Walker, of New York City, (Frank A. Fritz, of New York City, of counsel), for defendant T. Hogan & Sons, Inc.

Burlingham, Veeder, Clark & Hupper, of New York City, (Herbert M. Lord, of New York City, of counsel), for defendant United Fruit Co.

Charles Burston, of Brooklyn, N. Y., for defendant Channel Stevedoring & Wharf, Inc.

Cahill, Gordon, Zachry & Reindel, of New York City, (Kenneth D. Wallace, of

New York City, of counsel), for defendant Huron Stevedoring Corporation.

H. Beach Carpenter of New York City, (Abbot Southall, of New York City, of counsel), for defendant American Sugar Refining Company.

Clark, Carr & Ellis, of New York City, (Paul A. Crouch, of New York City, of counsel), for defendants Carter & Weekes Stevedoring Co. and others.

George A. Conroy, of New York City, for defendant Columbia Stevedoring Company, Inc.

Davies, Auerbach, Cornell & Hardy, of New York City, (Kenneth W. Greenawalt and John P. Cawley, both of New York City, of counsel), for defendant New York Dock Co.

Allan D. Emil and Hugo I. Evans, both of New York City, (Hugo I. Evans, of New York City, of counsel), for defendant Union Stevedoring Corp.

Maurice S. Fenold, of New York City, for defendant Terminal Stevedoring Co. Inc.

Harold L. Fisher, of New York City, for defendant John T. Clark & Son.

Frankel & Frankel, of New York City, (Herman Frankel, of New York City, of counsel), for defendant American Stevedores, Inc.

Gay & Behrens, of New York City, (Edward J. Behrens, of New York City, of counsel), for defendant Ryan Stevedoring Co. Inc.

Herman Goldman, of New York City, (Benjamin Wiener, of New York City, of counsel), for defendants Atlantic Stevedoring Co. and others.

Halpin, Keogh & St. John, of New York City, (Stephen Walter, of New York City, of counsel), for defendant Sea Coast Stevedoring & Transportation Corp.

Haughwout & Matthews, of New York City, (Samuel J. Matthews, of New York City, of counsel), for defendant Jules S. Sottnek Company, Inc.

King & Lynch, of New York City, (Daniel A. Lynch, of New York City, of counsel), for defendants M. P. Smith & Sons Co. Inc. and others.

Kirlin, Campbell, Hickox & Keating, of New York City, (James H. Herbert and John J. McDonnell, both of New York City, of counsel), for defendants Associated Operating Co. and others.

Charles Landesman, of New York City, for defendant William Spencer & Son Corp.

Lord, Day & Lord, of New York City, (Franklin B. Lord, Jr., of New York City, of counsel), for defendant Marra Bros. Inc.

Macklin, Brown, Lenahan & Speer, of New York City, (Martin J. McHugh, of New York City, of counsel), for defendants Anthony O'Boyle, Inc., and others.

McDermott, Turner & Hart, of New York City, (Henry C. Turner, of New York City, of counsel), for defendant A. Pellegrino & Son, Inc.

Archibald F. McGrath, of New York City, (Archibald F. McGrath and Herbert Burstein, both of New York City, of counsel), for defendant John W. McGrath Corp.

Charles Miller, of New York City, for defendant Weeks Stevedoring Co. Inc.

Tashof & Sobler, of New York City, (Martin A. Rothenberg, of Brooklyn, N. Y., of counsel), for defendants Antilles Stevedoring Co. and others.

MEDINA, District Judge.

In this action by thirty-five specifically named plaintiffs to recover alleged unpaid overtime compensation, liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), plaintiffs move for leave to amend the summons and complaint by adding "and such other employees of the defendants who may join as plaintiffs in this action before the trial," after the names of the plaintiffs enumerated in the caption.

The action was commenced by the filing of the complaint on September 3, 1947. Shortly thereafter, and on September 8, 1947, an amended complaint was filed, identical in form with the original complaint, except that two new defendants were named. These complaints contain no statement that the action is brought on behalf of other employees similarly situated. There

380

is not the slightest intimation that the defendants will be called upon to defend claims for unpaid overtime compensation by anyone other than the plaintiffs on whose sole behalf the action was brought.

As the one hundred and twenty day period provided by the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., was about to expire, there were filed with the Clerk of this Court on September 10 and 11, one hundred and thirty "consents," a typical one of which is set forth in the margin.[1] None of these "consents" was served on any of the defendants; it does not appear that any of the defendants had notice thereof; and the phraseology of these consents does not indicate that those who signed them considered that the action noted in the caption thereof had been brought on behalf of any of those whose "consents" were filed.

Counsel frankly states in his memorandum that the purpose of the motion is as a preliminary to a further motion, by the one hundred and thirty persons who signed the "consents," to intervene in the action as parties plaintiff, nunc pro tunc as of the date of filing of the amended complaint, in order to avoid the running of the short Statute of Limitations set up by the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 255. It is asserted that it was the "intention to have this as a representative action with provision for the other employees to join as plaintiffs"; but that, through some oversight or inadvertence, reference to others than the specifically named plaintiffs was omitted.

No sanction for the requested relief can be found in the Portal-to-Portal Act of 1947. While the Act does make provision for the filing of "consents," the purpose and effect of such "consents" and the occasion for their use are carefully stated and defined. Where, as here, the cause of action accrued prior to May 14, 1947, it is enacted that the claim is forever barred unless action to enforce the claim is brought within two years (unless the applicable state statute is shorter), except that action may be commenced within one hundred and twenty days after May 14, 1947.

The provisions applicable to the filing of "consents" have to do, on the one hand, with pending collective or class actions and pending representative actions (such as are banned if brought after the date of enactment of the Act) and, on the other hand, with future actions of a collective

---

[1] IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF NEW YORK

......................................................x  File No.

EMILO IOCONO, et al.,                                  Consent to Become
        Plaintiffs,                                   a Party Plaintiff to
—against—                                              Action Under Sec-
ANTHONY A. ANASTASIO, et al.,                          tion 16 (b) of the
        Defendants.                                   Fair Labor Stand-
......................................................x  ards Act of 1938.

By signing below, I give my consent to become a party plaintiff to the above action, or to any other action previously commenced or to be commenced hereafter, to recover any unpaid overtime compensation due me together with liquidated damages, reasonable attorney's fees, interest and costs under Section 16 (b) of the Fair Labor Standards Act of 1938.

I authorize the attorney who filed the above action to proceed with my claim or claims accordingly.

Dated, September 8th, 1947.

Jesse B. Smitherman
Name (sign above)

3970 3rd Ave. Bx
Street address

Bronx
City and State

Social Security No. 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

or class character. Accordingly, with respect to "pending collective and representative actions" the short statute is made applicable "to an individual claimant who has not been specifically named as a party plaintiff to the action prior to the expiration of one hundred and twenty days after May 14, 1947." As to such an individual claimant it is further provided that, in the application of the short statute "such action shall be considered to have been commenced as to him when, and only when, his written consent to become a party plaintiff to the action is filed in the court in which the action was brought." 29 U.S.C.A. § 257. See Bartels v. Sperti, D.C.S.D.N.Y. 1947, 73 F.Supp. 751. As to "future actions" of a "collective" or "class" character, it is provided that they are considered to be commenced as to an individual claimant "on the date when the complaint is filed" if the claimant "is specifically named as a party plaintiff * * * and his written consent to become a party plaintiff" is filed on that date, otherwise the action is deemed commenced as to such individual claimant when the consent is subsequently filed. 29 U.S.C.A. § 256.

But this action is not a "collective" or "class" action. The principal purpose of pleadings is to notify the defendant by whom he is being sued and what the claim is about. No one of these numerous defendants could possibly have had any reason to suppose that any claim was being pressed for alleged unpaid overtime compensation by any of the one hundred and thirty persons whose "consents" were later filed. Had this been a "collective" or "class" suit, the "consents" would have served the purpose defined in the Portal-to-Portal Act of 1947 as above stated. As it was not a "collective" or "class" suit, the "consents" served no purpose whatever.

Nothing in the text of the Act justifies the inference that the filing of the "consents" would suffice to give any court jurisdiction or that such filing would in and of itself avoid the applicability of the short Statute of Limitations, except in cases where a "collective" or "class" suit was already pending. And the situation would seem to be no different from the many others where some futile steps were taken which failed for one reason or another to comply with the requirements necessary to avoid the running of the statute. Drabkin v. Gibbs & Hill, D.C.S.D.N.Y.1947, 74 F. Supp. 758; People v. Honey Lake Valley Irrigation District, 1926, 77 Cal.App. 367, 246 P. 819; Dowling v. Lester, 1946, 74 Ga.App. 290, 39 S.E.2d 576; State v. Woodruff, 1933, 170 Miss. 744, 150 So. 760; Erickson v. Macy, 1923, 236 N.Y. 412, 140 N.E. 938; Sloman v. Bennet, Sup.1931, 139 Misc. 508, 248 N.Y.S. 509, affirmed, 1st Dept.1931, 234 App.Div.846, 254 N.Y.S. 923; Owen v. City of Eastland, 1935, 124 Tex. 419, 78 S.W.2d 178.

Nor do any of the authorities cited in support of the motion hold anything to the contrary. In Armani v. Crucible Steel Co. of America, D.C.N.D.N.Y.1947, 7 F.R.D. 344, upon which the one hundred and thirty individual claimants strongly rely, the complaint alleged in terms that plaintiff was suing on behalf of five designated persons, "and a number of employees similarly situated." The Court said, 7 F.R.D. 345: "The action of the defendant indicates that it understood that the suit was in fact a representative one. Neither party has been misled."

It is this vital element of notice to defendants to the effect that the suit is pressed on behalf of others in the same position as plaintiff which has made intervention in one form or another possible in actions brought pursuant to the Fair Labor Standards Act of 1938, 2 Moore, Federal Practice, 1947 Cum.Supp. 87, 88 (1938), now subject, of course, to the above noted limitations contained in the Portal-to-Portal Act of 1947, as well as in creditors' bills and stockholders' suits, which are necessarily governed by the same principles. Southern Pacific Co. v. Bogert, 1919, 250 U.S. 483, 489, 490, 39 S.Ct. 533, 63 L.Ed. 1099; Richmond v. Irons, 1887, 121 U.S. 27, 46, 7 S.Ct. 788, 30 L.Ed. 864; Deckert v. Independence Shares Corp., D.C.E.D.Pa. 1941, 39 F.Supp. 592, 597; Boardman v. Lake Shore & Michigan Southern Ry., 1881, 84 N.Y. 157, 183; Clark, Code Pleading 401 (2d ed.1947); Note, Recurrent Problems in Actions Brought on Behalf of

a Class, 34 Columbia Law Rev. 118, 131 (1934).

The same reasoning applies to the numerous instances where a plaintiff had sued in the wrong capacity, Missouri, Kansas & Texas Ry. v. Wulf, 1913, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355; Owen v. Paramount Productions, D.C.S.D.Cal.1941, 41 F Supp. 557, 561; Clark, Code Pleading 719 (2d ed.1947); or where a change of theory was permitted, despite the fact that the Statute of Limitations had run in the interval. United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; New York Central & Hudson River R. R. v. Kinney, 1922, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294; Friederichsen v. Renard, 1918, 247 U.S. 207, 38 S.Ct. 450, 62 L.Ed. 1075; Clark, Code Pleading 730 (2d ed.1947). As the Supreme Court has pointed out, amendments in such cases are liberally allowed, because from the beginning the defendant has had fair notice of the substance of the claim made against him. New York Central & Hudson River R. R. v. Kinney, 260 U.S. at 346, 43 S.Ct. 122, 67 L.Ed. 294, quoted in United States v. Memphis Cotton Oil Co., 288 U.S. at 69, 53 S.Ct. 278, 77 L.Ed. 619; Armani v. Crucible Steel Co. of America, D.C., 7 F.R.D. at 346.

Here defendants had no notice whatever that any claim was made by or on behalf of the one hundred and thirty individual claimants, until after their claims had been outlawed by the running of the short statute contained in the Portal-to-Portal Act of 1947.

True it is that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, contemplate that amendments be liberally allowed in the interest of justice. But there must be an existing pending action by or on behalf of the person seeking the amendment. It will not suffice that someone else has a pending lawsuit against the defendant sought to be charged, in which similar but nevertheless different and separate claims are alleged, and that through some ignorance or excusable neglect reference to the person seeking to intervene and to his separate and individual claim was wholly omitted. No amount of good excuses or equitable considerations of one sort or another can alter the fact that there is not now pending any action whatever by or on behalf of these individual claimants. Accordingly, the relief prayed for must be withheld. To hold otherwise would be to dispense with the most elementary requirements of due process.

Motion denied.

Settle order on notice.