LORETTA R. MATTHEWS et al., Plaintiffs, *v.* BERNARD J. PISANI et al., Defendants.

Supreme Court, Special Term, Nassau County, October 2, 1952.

*Cotter, Carey & Schultz* for Bernard J. Pisani, defendant.

*William J. Wanner, Jr.,* for plaintiffs.

HALLINAN, J. In this action for malpractice, defendant Pisani moves for an order dismissing the first two causes of action on the ground that they are barred by the Statute of Limitations.

Plaintiffs allege that as the result of Dr. Pisani's negligence, plaintiff wife received serious radium burns when he performed an operation on her on December 6, 1948. Thereafter he continued to treat and attend her until June 1, 1950. The summons herein was served on June 3, 1952. The Statute of Limitations in malpractice actions is two years (Civ. Prac. Act, § 50). We are not now called upon to decide whether the cause of action accrued on December 6, 1948, or on June 1, 1950 (see *Conklin* v. *Draper,* 254 N. Y. 620 and *Nervick* v. *Fine,* 195 Misc. 464, affd. 275 App. Div. 1043), for the moving defendant argues that the action is barred even if it accrued on June 1, 1950.

Defendant Pisani has been a resident of New Jersey since September 1, 1949. He has, however, maintained an office for the practice of medicine in the borough of Manhattan, county of New York, since 1946. He attends his office daily and during the last three years has taken only one vacation of three weeks' duration. Under such circumstances he is not deemed absent from the State within the meaning of section 19 of the Civil Practice Act so as to extend the time within which to commence this action. (*Mack* v. *Mendels,* 249 N. Y. 356.)

On May 31, 1952, and before the expiration of the two years within which plaintiffs could commence this action the summons was delivered to the Sheriff of New York County for service upon both defendants. Plaintiffs claim that, pursuant to the provisions of section 17 of the Civil Practice Act, their time to effect service was thereby extended sixty days. Service was effected on both defendants on June 3, 1952.

Defendant Pisani argues, however, that such delivery to the Sheriff did not extend the time within which to serve him because he is a nonresident. Section 17 of the Civil Practice Act provides for the delivery of the summons to the Sheriff of the county in which the defendant resides or last resided. It has been held that where the defendant resides within the State the summons must be delivered to the Sheriff of the county in which the defendant resides. (*Elliott* v. *Amy,* 297 N. Y. 622; *Klein* v.

*Biben,* 185 Misc. 835.) The words " or last resided " as used in the statute can, therefore, have no meaning unless they refer to a nonresident who, like the defendant Pisani here, has left the State, and it has been so held. (*Guilford* v. *Brody,* 237 App. Div. 726.)

The cases cited by the defendant are not to the contrary. In *Maguire* v. *Yellow Taxi Corp.* (278 N. Y. 576), it was held that service upon a defendant who resided in Connecticut was timely because his absence from the State prevented the statute from running. The delivery of the summons to the Sheriff in that case, therefore, had no bearing. In *Sloman* v. *Bennet* (139 Misc. 508, affd. 234 App. Div. 846), both the plaintiffs and the defendants were and continued to be nonresidents, and the cause of action sued upon arose outside the State. The court there held (p. 509) that delivery of the summons to the Sheriff was ineffectual " as an attempt to commence the action in the light of the fact that defendants were non-residents." The court further pointed out that section 17 of the Civil Practice Act provides that the summons must be delivered with the intent that it shall be actually served, and that " There can be no such intent where the defendant resides abroad." (P. 509.) Such is not the case here in view of the fact that defendant Pisani maintains an office in the borough of Manhattan, which he says he attends daily. Under these circumstances, therefore, delivery of the summons to the Sheriff extended plaintiffs' time sixty days and the action was timely brought.

The motion is therefore denied without prejudice, however, to the right of the defendant to plead the Statute of Limitations in his answer with respect to the factual question as to when the cause of action actually accrued.

Settle order.