MORELL BUTLER et al., Respondents, v. UBS CHEMICAL COMPANY et al., Defendants; BESTWOOD ADHESIVE CORPORATION, Appellant.

First Department, April 15, 1969.

*Michael R. Treanor* of counsel (*Barry, McTiernan & Congdon*, attorneys), for appellant.

*Joseph Lieberman* of counsel (*Wilson G. Graves*, attorney), for respondents.

*Per Curiam.* In this action to recover damages for personal injuries sustained by the plaintiff by reason of the negligence of the defendants, the defendant Bestwood Corporation (sued herein as Bestwood Adhesive Corporation and referred to hereinafter as "Bestwood") appeals from an order of the Supreme Court denying its motion for summary judgment and granting the plaintiffs' cross motion striking Bestwood's affirmative defense of the Statute of Limitations.

Delivery of the summons to the Sheriff of Essex County, New Jersey, for service upon Bestwood, a New Jersey corporation with offices in Newark, New Jersey, did not give the plaintiffs the benefit of the 60-day extension provided by CPLR 203 (subd. [b]). The tolling provisions of that statute are inapplicable to Sheriffs outside the State of New York so that service of the summons upon Bestwood by the New Jersey Sheriff after the three-year Statute of Limitations had run was ineffectual to commence the action. For that matter, the plaintiffs were under no procedural disadvantages to avoid the bar of limitations since Bestwood transacted business in New York State. (*Maguire* v. *Yellow Taxicab Corp.*, 253 App. Div. 249, 251, affd. 278 N. Y. 576; *Guilford* v. *Brody*, 237 App. Div. 726, 727; *Sloman* v. *Bennet*, 139 Misc. 508, 509, affd. 234 App. Div. 846; *Bergstresser* v. *McCaig*, 44 Misc 2d 237; *Matthews* v. *Pisani*, 203 Misc. 583; CPLR 302; Business Corporation Law, §§ 304, 307.)

Nor can service upon Bestwood be considered timely on the basis of service before expiration of the Statute of Limitations on the codefendants allegedly united in interest with Bestwood. The defendants are not "united in interest" as that term is used in CPLR 203. They are the usual parties in the chain of distribution of a product, a can of contact cement, and their interests are diametrically opposed. A finding of negligence as to one will not compel a finding of negligence as to the others. A defense available to Bestwood, moreover, is not valid as to the other defendants. Service of the summons on the codefendants, accordingly, did not suffice to toll the Statute of Limitations as to Bestwood. (*Prudential Ins. Co.* v. *Stone*, 270 N. Y. 154, 159; *Maguire* v. *Yellow Taxicab Corp.*, *supra*; *Halucha* v. *Jockey Club*, 31 Misc 2d 186, 188; *Farrell* v. *American Beverage Corp.*, 203 Misc. 330, 335.)

The order should be reversed, on the law, with costs and disbursements to defendant-appellant, the motion for summary judgment granted and the complaint dismissed as to Bestwood Corporation.

STEVENS, P. J., EAGER, TILZER, McGIVERN and MARKEWICH, JJ., concur.

Order entered on July 3, 1968, unanimously reversed, on the law, with $50 costs and disbursements to defendant-appellant, the motion for summary judgment granted and the complaint dismissed as to Bestwood Adhesive Corporation; and the Clerk is directed to enter summary judgment in favor of appellant Bestwood Adhesive Corporation dismissing the complaint, with costs.