OPINION OF THE COURT
Herbert Shapiro, J.
In this action seeking to recover for personal injuries, the defendant First & Merchants Corporation (First) moves to dismiss the complaint as being time-barred. The plaintiff cross-moves to dismiss the affirmative defense interposed by First based upon the Statute of Limitations.
The accident underlying the plaintiff’s claim occurred on January 9, 1974. Thereafter, and on January 7, 1977, a copy *70 of the summons was filed with the County Clerk of New York County. Such filing was made by plaintiff pursuant to CPLR 203 (subd [b], par 5) in the expectation of tolling the Statute of Limitations for a 60-day period.
On February 9, 1977, plaintiff obtained an order of attachment against a liability insurance policy issued to First by the Royal Globe Insurance Company. In support of his application for the attachment order, plaintiff asserted that First was a nonresident and nondomiciliary of New York State and had its office in Virginia. It was also asserted by plaintiff that the attachment of the policy was necessary to enable plaintiff to commence an action against First here in New York. Thereafter, and on February 24, 1977, First was served in Virginia with copies of the summons, complaint and order of attachment.
The issue to be determined on these motions is simply stated. Did the filing of the summons with the county clerk on January 7, 1977, effectively toll the Statutes of Limitations for 60 days? If it did, the plaintiff’s position is correct and the alternative defense of Statute of Limitations should be stricken. If it did not, then First’s motion to dismiss the complaint against it by reason of the claim being time-barred should be granted.
Plaintiff contends that the mere filing of a summons with the county clerk suffices to toll the statute.
First’s argument to the contrary is twofold. It is initially urged that the tolling provisions of CPLR 203 (subd [b], par 5) may only be availed of in a case of this type when the jurisdiction by way of attachment is obtained prior to the filing of the summons with the county clerk. It later argues that CPLR 203 (subd [b], par 5) is not applicable where the defendant is and has been, as here, a nonresident, nondomiciliary of the State of New York.
Whether or not the initial argument advanced by First is a valid one, it is concluded that the second argument is a meritorious one and that CPLR 203 (subd [b], par 5) is not available to plaintiff as against First.
CPLR 203 (subd [b]) in defining when a claim is "interposed” for purposes of the Statute of Limitations provides: "Claim in complaint. A claim asserted in the complaint is interposed against the defendant * * * 5 * * * when the action to be commenced will be tried in a court located within the city of New York, the summons is filed with the clerk of the court in *71 the county within the city of New York where the defendant resides, is employed or is doing business, or if none of the foregoing be known to the plaintiff after reasonable inquiry, then in a county within the city of New York in which defendant is known to have last resided, been employed or been engaged in business, or, where the defendant is a corporation, in a county in which it may be served, or in the county where the cause of action arose”.
A reading of the language of paragraph 5 reveals that it was designed to aid a plaintiff who was having difficulty effecting service upon a defendant. If such defendant were a New York resident or was employed or was doing business in the State, such facts alone would suffice to toll the Statute of Limitations upon a proper filing with the county clerk. However, here no such fact is present. The defendant First has not been and is not in New York, nor has it done or is it doing business here.
It is also provided — again in an obvious attempt to aid a plaintiff having difficulty in effecting service — that if the plaintiff cannot discover the residence or place of doing business of the defendant, the filing may be done in the county of last known residence, or where defendant last did business.
In this action there is no question but that plaintiff knew precisely where the defendant was located and where it conducted business, i.e., the State of Virginia. That being so, the plaintiff, unlike those the statute was designed to aid, was in a position to serve the defendant at any time within the statutory period of limitations. The fact that plaintiff elected to effect service by means of attaching the insurance policy of the New York carrier, but did not do so in a timely manner, does not permit plaintiff to invoke the tolling provisions of CPLR 203.
Nor may the plaintiff avail himself of the last portion of CPLR 203 (subd [b], par 5) which, in dealing with a corporate defendant, permits a filing of the summons in a county "in which it may be served”, or in the county where the cause of action arose. The summons could not have been served upon the defendant in New York and the cause of action arose in Virginia.
Accordingly, the motion of the defendant First to dismiss is granted, and the cross motion to strike the affirmative defense of the Statute of Limitations is denied.