Theodore T. PETTUS, Plaintiff,

v.

Donald HAVRDA, Defendant.

No. 83 Civ. 8513 (JES).

United States District Court,
S.D. New York.

Jan. 31, 1986.

Peter Kolodny, New York City, for plaintiff.

Vincent P. Crisci, New York City, for defendant.

SPRIZZO, District Judge:

This is an action for personal injuries and property damage allegedly sustained by plaintiff as a result of defendant's negligence and recklessness.[1] Specifically, plaintiff alleges that he was attacked by defendant's dog while he was riding his bicycle in front of defendant's premises. Defendant's answer raises *inter alia* a statute of limitations affirmative defense and plaintiff has moved to strike that defense.

Both parties substantially agree that the action would be time-barred unless plaintiff served the summons and complaint upon defendant on or before January 28, 1984.[2]

---

**1.** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as plaintiff is a citizen of New York and defendant is a citizen of Connecticut. The amount in controversy exceeds $10,000.00.

**2.** Plaintiff asserts that he was required to serve defendant on or before January 28 while defendant asserts that plaintiff had until January 29. This discrepancy in dates is of no consequence on the facts of this case.

Since this is a diversity jurisdiction case, the Court must apply the same statute of limitations provision that a New York court would apply. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). This Court must also apply the same tolling provisions that a New York court would apply. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Somas v. Great American Insurance Co.*, 501 F.Supp. 96 (S.D.N.Y. 1980). Although this cause of action arose in Connecticut, since plaintiff is a resident of New York, a New York court would apply the applicable New York statute of limitations. *See* N.Y.

Civ.Prac.Law and Rules ("CPLR") § 202 (McKinney's 1972).

Plaintiff alleges and defendant agrees that the cause of action arose on November 29, 1980. New York law provides that an action to recover damages for personal injuries and injury to property must be commenced within three years from that date. *See* CPLR § 214 (McKinney Supp.1984). Generally, an action is commenced under New York law when the summons is served upon the defendant. *See id.* at § 203(b)(1) (McKinney's 1972). Thus plaintiff was required to serve the defendant on or before November 29, 1983.

However, plaintiff mailed the summons to the deputy sheriff of Fairfield County, Connecticut, where defendant resides, on November 23, 1983. Furthermore, plaintiff filed the summons and complaint with the clerk of this Court on November 22, 1983. Relying on CPLR § 203(b)(5), plaintiff argues that each of these actions extended the time within which plaintiff had to serve the defendant for an additional sixty days; until January 28, 1984. Defendant agrees that plaintiff acquired this sixty-day ex-

*See* Affidavit of Peter Kolodny at ¶ 7, Defendant's Memorandum of Law, at 10. Plaintiff claims that defendant was personally served on January 7, 1984. Defendant claims that he was not served until February 4, 1984. Thus, the only issue to be resolved by the Court is when service of the summons and complaint was effected.

■ Defendant has the burden of proof on this issue because the statute of limitations is an affirmative defense in New York. *See Katz v. Goodyear Tire and Rubber Co.*, 737 F.2d 238, 243 (2d Cir.1984).

For the reasons which follow, the Court finds by a preponderance of the evidence that defendant was not served until February 4, 1984. Plaintiff's complaint therefore must be dismissed.

■ An evidentiary hearing was held to determine when the defendant was served with the summons and complaint.[3] The defendant testified that he was served on February 4, 1984. *See* Hearing ("H"), at 38. He specifically recalled that date because he was wearing his tennis outfit when service was effected and he does not play tennis very often. *Id.* at 39. To corroborate his testimony, defendant produced a family calendar with the words "tennis Donald" written in for February 4, 1984. *See* Def. Ex. B.

The defendant's testimony was corroborated by the testimony of his wife who was present in the house when defendant was served. She testified that she was certain that service was effected on February 4 because of the tennis date and because she wrote February 4 immediately on the copy of the summons and complaint when her husband was served. *See* Def. Ex. C; H. at 57.[4] She also testified that she would have remembered if service had occurred on January 7, 1984, because that was the date of her daughter's birthday party. *See* H. at 58. The family calendar further supports this contention. The Court finds the defendant's wife's testimony to be credible.

This Court does not find persuasive the testimony of the sheriff that he personally served the defendant on January 7, 1984. *See id.* at 6. The sheriff had no independent recollection as to when service was actually made but based his testimony solely on a note in a manila work folder, which to date has never been produced. *See id.* at 21.[5] Having accepted as credible and

---

3. The Court deferred its ruling at the close of the hearing pending the submission of further evidence by the parties. H. at 72.

4. Defendant's wife also testified that she hand-delivered the complaint to her insurance broker the following Monday, February 7, 1984. H. at 59. This was corroborated by a letter to this Court from the insurance company, lending added support to defendant's argument that he was served on February 4. The parties stipulated that this letter would constitute the testimony of the insurance broker in lieu of his personal appearance before the Court.

5. Two other notations by the sheriff as to the date of service were introduced into evidence at the hearing. These notations however have very little probative value. First, the affidavit of service indicates that the defendant was served on January 7, 1984. However, the sheriff completed and executed this affidavit simply by referring to his manila file and not from any independent recollection. *See* H. at 21A. Moreover, that affidavit was not prepared until October 20, 1984 because an earlier affidavit of service was apparently lost in the mail. *See id.* at 8.

---

tension but only by virtue of plaintiff's filing with the clerk of this Court. Defendant's Memorandum of Law, at 2.

It is not clear, however, that the tolling provisions of § 203(b)(5) are available to plaintiff on the facts of this case merely because plaintiff filed the summons and complaint with the clerk of this Court. It appears that the sixty-day extension provided for by § 203(b)(5) can only be acquired by filing if defendant resides, is employed, or is doing business in the State of New York or, if plaintiff cannot discover defendant's residence, defendant once lived or worked in New York. *See Parkhurst v. First & Merchants Corp.*, 100 Misc.2d 69, 418 N.Y.S.2d 260 (1979). No such factual showing was made in this case. Moreover, it does not appear that plaintiff can claim the sixty-day extension by delivery of the complaint to the Connecticut sheriff because § 203(b)(5) only applies to deliveries to New York sheriffs. *See Butler v. UBS Chemical Co.*, 32 A.D.2d 8, 299 N.Y.S.2d 247 (per curiam 1969). In light of the Court's holding that defendant has proved by a preponderance of the evidence that he was not served until February 4, 1984, outside of the statute of limitations period, the Court need not decide these issues. *See id.* at § 203(b).

correct the testimony of defendant and his wife, the Court is constrained to conclude that the sheriff is mistaken as to the date when personal service was made on defendant.[6]

Accordingly, the complaint must be dismissed with prejudice as time-barred under the applicable statute of limitations.

It is SO ORDERED.

See also, D.C., 104 F.R.D. 619.

The sheriff also stamped the back of the summons and complaint which was served upon the defendant. *See* Def. Ex. C. The stamp indicated the sheriff's name and title. Next to the stamp is the sheriff's signature and the date written as "1/28/84." The sheriff testified that the date must have been altered and that it should be "1/7/84." H. at 23. An inspection of the written date however reveals that it does not appear to be altered and it certainly does not look like it ever read "1/7/84." *See id.* at H. 33. Furthermore, the Court is not persuaded by the sheriff's testimony that the date was altered since the sheriff did not even remember dating the summons and complaint in the first place. *See id.* at 24.

6. The sheriff did testify that on February 4, 1984 he was in another city in Connecticut attending to his plumbing business. H. at 69. However, the sheriff could produce no documentary support for this assertion, nor could he remember the names of any people who saw him there. *See id.* at 70.