OPINION OF THE COURT
Stanley L. Sklar, J.
In this medical malpractice action commenced against de *89 fendant Barbara Mitchell, M. D. and the estate of Michael Truppin, M. D., Dr. Mitchell moves for summary judgment dismissing the complaint on the ground that the action was commenced after the running of the Statute of Limitations.
Plaintiffs’ pleadings allege* that on September 2, 1982 Dr. Truppin rendered treatment to Laraine Chiaino, that on November 5, 1982 Dr. Mitchell, Dr. Truppin’s "agent, servant and/or employee,” rendered treatment to Chiaino, and that on March 28, 1983 Chiaino was seen by a Dr. Mizrachy, also claimed to be Dr. Truppin’s "agent, servant or employee.” Plaintiffs further allege that Chiaino was under the continuous treatment of Dr. Truppin and his agents, servants and/or employees through March 28, 1983 and that defendants failed to properly diagnose Chiaino’s breast cancer, which was finally diagnosed in an advanced stage shortly after she saw Dr. Mizrachy in March 1983.
It is undisputed that Dr. Mitchell examined plaintiff on but a single occasion, on November 5, 1982. Counting from this visit, the Statute of Limitations ran on May 5, 1985 for institution of a suit against Mitchell. However, on May 3, 1985 plaintiffs filed a copy of a summons with notice with the New York County Clerk’s office in order to toll the Statute of Limitations for 60 days pursuant to CPLR 203 (b) (5). Service of the summons with notice was made on Mitchell on June 11, 1985. The Statute of Limitations was tolled with regard to Dr. Truppin due to his death in 1983, pursuant to CPLR 210 (b). His estate was properly served on June 11, 1985.
In the present motion Mitchell claims that recourse to section 203 (b) (5) by the plaintiffs is precluded because plaintiff knew at the time of the filing with the County Clerk that Mitchell, who had previously lived and worked in New York County, had moved to New Jersey so that the filing was inadequate to toll the Statute of Limitations as to this defendant.
Initially it must be noted that the present motion for summary judgment is not barred simply because a similar motion previously made by Mitchell for the same relief was denied by another Justice in a decision dated February 4, 1986. That motion was made as a cross motion to plaintiffs’ motion to strike various of defendants’ affirmative defenses, including that of the Statute of Limitations. In denying both the motion, and the cross motion as to the Statute of Limita *90 tians question, the court stated that it would be premature to deal with this issue "at this point in the proceedings.” Thus, the cross motion for summary judgment was not denied on substantive grounds since the court declined to address the issue at all. The motion is no longer premature and will now be resolved.
There is simply no merit to Mitchell’s claim that the tolling provision of section 203 (b) (5) is unavailable against a nonresident defendant whose current out-of-State residence is known to the plaintiff at the time of the filing. Delivery of the summons to the County Clerk in the county in which the defendant last was employed or resided in New York is sufficient, where a defendant has relocated in another State, whether or not the plaintiff was aware that the defendant no longer worked or resided in New York. (Rossi v Oristian, 50 AD2d 44; McCormack v Gomez, 137 AD2d 504.) This is a valid reading of section 203 (b) (5) considering that the Statute of Limitations could not be tolled by service of the summons on a Sheriff or County Clerk in any county outside the State of New York. (Butler v UBS Chem. Co., 32 AD2d 8.) The holding in Dominquez v De Tiberus (78 AD2d 848, affd 53 NY2d 778), in which service on the Sheriff rather than on the County Clerk in the County of Queens was found to be inadequate to toll the Statute of Limitations under the express language of section 203 (b) (5), is inapplicable to the present action and does not serve to overrule Rossi (supra), as defendant has claimed. Consequently, filing the summons with notice with the County Clerk in the county where defendant had lived and had been employed prior to her move to New Jersey sufficed to toll the expiration of the Statute of Limitations for 60 days, so that the service upon her of the summons with notice on June 11, 1985 was timely service.
[Portions of opinion omitted for purposes of publication.]

 Plaintiffs discontinued all claims relating to treatment prior to 1982.