**Elijah SIMS, Plaintiff,**

v.

**WEGMANS FOOD MARKETS, et al., Defendants.**

**No. 07–CV–6525L.**

United States District Court, W.D. New York.

Dec. 14, 2009.

---

Elijah Sims, Rochester, NY, pro se.

Steven G. Carling, Jeffrey J. Calabrese, Harter Secrest & Emery LLP, Rochester, NY, for Defendants.

## DECISION AND ORDER

DAVID G. LARIMER, District Judge.

Plaintiff, Elijah Sims ("Sims"), filed a *pro se* complaint against defendant Wegmans Food Markets, Inc. ("Wegmans"), Teamsters Local Union 118, the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR"), alleging that he was terminated from his employment at Wegmans on account of race-based discrimination. (Dkt. # 1). An amended complaint was filed on November 6, 2007. (Dkt. # 4).

Sims thereafter moved for default judgment against Wegmans (Dkt. # 9). In an effort to demonstrate that Wegmans had been duly served with the summons and amended complaint, Sims filed an affidavit of service (Dkt. # 15) which testified to service of a "Summons and Complaint, Supporting Documents" on Wegmans on November 29, 2007. Shortly thereafter, Wegmans moved to dismiss the complaint (Dkt. # 26) on the grounds that it had no record of ever being timely served with the summons and complaint in this action.

Plaintiff opposed the motion, relying this time upon a different affidavit of service, which described the service of various documents upon Wegmans on December 7, 2007. (Dkt. 40 at Exh. B). By Order entered July 1, 2009, 2009 WL 1924795, (Dkt. # 36), the Court scheduled a factual hearing to assist it in determining whether and when Wegmans was served with plaintiff's complaint. *See generally Old Republic Ins. Co. v. Pacific Fin. Servs. of America, Inc.*, 301 F.3d 54 (2d Cir.2002) (where process server's affidavit of service is rebutted by a sworn denial of service by defendant, an evidentiary hearing must be held, at which plaintiff must establish jurisdiction by a preponderance of evidence); *DaimlerChrysler Fin. Servs. v. Kennedy*, 2009 WL 174974, 2009 U.S. Dist. LEXIS 4593 (N.D.N.Y.2009); *Pettus v. Havrda*, 626 F.Supp. 1308 (S.D.N.Y.1986) (same).

The evidentiary hearing was conducted on October 8, 2009. Three witnesses testified: Lyle Hibbard ("Deputy Hibbard");

Alexander MacKenzie, a corporate security employee of Wegmans; and Stephen Van-Arsdale, a Wegmans Vice–President and attorney with Wegmans' Legal Department. Several documents were also received in evidence at the hearing.

## I. Wegmans' Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(2)

■ The first issue before the Court is whether plaintiff did timely serve Wegmans with the summons and complaint. If he failed to do so, this Court has no jurisdiction over Wegmans and the complaint must be dismissed pursuant to FED. R. CIV. PROC. 12(b)(2). *See* Fed. R. Civ. Proc. 4(m) (plaintiff must effect proper service on defendant within 120 days of filing the complaint). Sims claims that he did submit the summons and complaint to the Monroe County Sheriff's Department for service and that it was served by Deputy Hibbard. Wegmans, on the other hand, claims that it maintains a log of all such documents, and that although its records show that it was served with a number of documents relating to other lawsuits filed by plaintiff, it has no record of ever receiving the particular summons and complaint in this action.

Plaintiff has the burden to prove, by a preponderance of the evidence, that he in fact obtained jurisdiction over the defendant by timely and properly serving the summons and complaint. *See Old Republic Ins. Co.*, 301 F.3d 54 at 57. Based on all the evidence, I find that plaintiff has failed to establish by a preponderance that he did timely and properly serve Wegmans with the summons and complaint in this action.

Deputy Hibbard was the first witness. He testified that he is employed by the Monroe County Sheriff's Department as a civil deputy, and that he serves process. He testified that he had served Wegmans on prior occasions by leaving the pertinent documents with security officials at Wegmans' Main Office, 100 Market Street, Rochester, New York. He acknowledged signing an affidavit of service, sworn to December 7, 2007, (Dkt. # 40 at Exh. B, marked at the hearing as Plaintiff's Exh. 1), indicating that he served a document containing numerous pages on one Alex MacKenzie. MacKenzie appeared in court and Deputy Hibbard identified him as a person upon whom he had served documents at Wegmans on several occasions. I note that the physical description contained in the affidavit of service is consistent with my observations of MacKenzie's appearance at the hearing.

Although the matter appeared to be straightforward at first, several problems became readily apparent. First of all, the Court discussed with both Sims and Wegmans' counsel the fact that plaintiff's initial "proof of service" (Dkt. # 15) was an affidavit of service concerning documents which are apparently unrelated to this case. That affidavit discloses that on November 29, 2007, Deputy Hibbard served another document described as "summons and complaint, supporting documents" upon Wegmans. On being quizzed by the Court, Sims conceded that this was not the affidavit of service that he now relies upon to establish jurisdiction in this case. In fact, the document that was served in connection with the November 29, 2007 affidavit is captioned "Monroe County Supreme Court" and is unrelated to this federal action. (Dkt. # 15).

Problems continued for Sims at the hearing. In examining Deputy Hibbard, Sims showed Hibbard Exh. 2, another unrelated complaint, and Deputy Hibbard stated that he was reasonably certain that Exh. 2 was the document he had served on MacKenzie at Wegmans on December 7, 2007. Exh. 2, however, is a complaint addressed to the New York State Division

of Human Rights. There is no reference in that document or any of its attachments to a federal court complaint. Once this was pointed out to Sims, he acknowledged some mistake and admitted that Exh. 2 also was not the document that was allegedly served on Wegmans on December 7, 2007. Sims alleges that the document that was actually served on Wegmans on that date was actually Exh. 3, which is a copy of the original complaint that was filed in this action (Dkt. # 1) on October 25, 2007.

When Deputy Hibbard was shown Exh. 3, he was not able to testify with certainty whether it was the document that he served on Wegmans. Rather, he testified that the affidavit of service would have accurately described whatever document that he served.

Alexander MacKenzie testified that he does receive process as a corporate security officer. He makes no record or log of what is served upon him and when documents are served: someone from the Legal Department comes and retrieves them. He acknowledged knowing Deputy Hibbard and having received papers from him in the past. He has no recollection, of course, of the particular service at issue here, on December 7, 2007.

Stephen VanArsdale testified as Vice–President, Assistant General Counsel for Wegmans. He acknowledged that Security Officers such as MacKenzie were entitled to accept service on behalf of Wegmans. Wegmans routinely receives such service at its headquarters. Wegmans maintains a log, a redacted version of which was received at the hearing (Defendants' Ex. A). At the hearing, the Court requested an unredacted copy disclosing the title of the actions covered in the log which spans October 25, 2007 to January 2, 2008. There was service of papers on December 7, 2007, but in a totally unrelated case involving a negligence action. On this log, there is no reference to any case involving Sims.

VanArsdale further testified that when documents are left with security, one of two administrative assistants would retrieve the documents and bring them to the Legal Department. Documents that must be personally served are placed on the log. Other documents, such as records, letters to corporate officials, etc., are passed on to appropriate departments or to outside counsel and are not placed on the log. VanArsdale testified that he is not aware of any case where a summons and complaint was served on Wegmans which did not appear on the log for such documents.

VanArsdale stated that he has previously seen documents from Sims, who has filed several cases against Wegmans both in state court and with the State Division of Human Rights concerning his employment with Wegmans. However, VanArsdale, had no recollection of ever seeing, on or about December 7, 2007, the summons and complaint in this federal action.

VanArsdale also described another document which apparently was received by Wegmans on November 29, 2007 (Defendants' Exh. C). At first blush, this appears to be another summons and complaint submitted by Sims. The document was marked received by Wegmans on November 29,2007, but does not appear on Wegmans' log. VanArsdale explained that the document was not logged as a federal court complaint and was not treated as an original summons and complaint because it was captioned, "New York State Supreme Court, Appellate Division Fourth Department," and appeared to relate to a then-pending action in state court. VanArsdale opined that because he would have known that that document was not a new summons and complaint, it would not have been logged in as such, but instead would

have been referred elsewhere in the Legal Department.

Upon review of the evidence offered at the hearing, I am not convinced that the December 7, 2007 affidavit of service (Dkt. # 40 at Exh. B, Plaintiff's Exh. 1), which references service of various motion papers, does describe the federal complaint in this action. The affidavit of service identifies the papers served as a "Motion for Forma Pauperis [sic] and Supporting Affirmation, Discrimination Complaint and Supporting Documents, Application for Appointment of Counsel and Supporting Documents, Notice of Motion & Motion for Summary Judgement, Memorandum of Points in Support of Motion, Declaration of Elijah Sims and Exhibits A, B, C and D." (Dkt. # 40 at Exh. B, Plaintiff's Exh. 1). While the affidavit makes reference to a "discrimination complaint and supporting documents," it is not clear whether this refers to the plaintiff's state court complaint, his NYSDHR complaint, or something else. I do note that the plaintiff's NYSDHR complaint was attached to his summary judgment motion papers that were filed on December 5, 2007, and therefore would have been part of the "motion for summary judgment" that was served on Wegmans on December 7, 2007. (Dkt. # 5, Sims Decl. Exh. B).

Based on the evidence presented, I believe the most likely scenario is that this affidavit of service reflects plaintiff's service on Wegmans of a copy of his motion for leave to proceed *in forma pauperis,* which was filed October 25, 2007 (Dkt. # 2), along with his motion for summary judgment (Dkt. # 5), which included his NYSDHR discrimination complaint and was filed December 5, 2007—two days before the affidavit of service upon Wegmans was executed. Based on the plaintiff's initial identification of the NYSDHR complaint as the one that was served on Weg-

mans on December 7, 2007 (although he subsequently testified to the contrary), and the other witnesses' inability to specify which complaint was served, it seems clear to me that was what served by Deputy Hibbard on that date was not the summons and complaint in this action. Rather, it was a packet containing the summary judgment and *in forma pauperis* motions plaintiff had filed, and the affidavit of service's reference to a "discrimination complaint" most likely describes plaintiff's NYSDHR complaint, which was attached to his motion for summary judgment.

I therefore find that Sims has failed to establish by a preponderance of the evidence that he did, in fact, serve Wegmans with the summons and complaint in this. He may have served other documents, including a summons and complaint in a state court matter on November 29, 2007 and a copy of his complaint to the NYSDHR on December 7, 2007, but I am not convinced that what is described in the affidavit of service upon which Sims now relies (Dkt. # 40 at Exh. B, Plaintiff's Exh. 1) is the federal summons and complaint at issue here. Accordingly, I find that Wegmans' motion to dismiss must be granted.

**II. Extension of Plaintiff's Time to Serve Pursuant to Fed. R. Civ. Proc. 4(m)**

 Although Wegmans is entitled to dismissal of the complaint based on plaintiff's failure to timely effect service, in deference to Sims' *pro se* status, I consider whether an extension of Sims' time to serve the summons and complaint is appropriate. Under the circumstances here, I find that no such extension should be granted.

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to effect proper service on the defendant within 120 days of filing the complaint. Fed. R. Civ.

Proc. 4(m). A court shall, however, extend the time for service if the plaintiff is able to show good cause for the failure. *Id.; Obot v. Citibank S.D., N.A.,* 347 Fed.Appx. 658, 659–60, 2009 WL 3109876 at *1 (2d Cir.2009). Factors demonstrating good cause can include, among others, a plaintiff's reasonable diligence in seeking to effect service, the absence of prejudice to defendants as a result of the delay, and whether the plaintiff could timely reassert his claims in the event of dismissal. *See Fish v. Bread Loaf Const. Co.,* 1998 WL 29640 at *1–2, 1998 U.S.App. LEXIS 1208 at *5–*6 (2d Cir.1998); *Williams v. United States HUD,* 2009 U.S. Dist. LEXIS 23306 at *3 (E.D.N.Y.2009); *Ikejiaku v. Rochester City Sch. Dist.,* 2007 WL 4591846 at *2, 2007 U.S. Dist. LEXIS 949433 at *5 (W.D.N.Y.2007); *Feingold v. Hankin,* 269 F.Supp.2d 268, 276 (S.D.N.Y.2003).

 While an extension must be granted upon a showing of good cause, the Second Circuit has also made clear that "district courts have discretion to grant extensions even in the absence of good cause." *Zapata v. City of New York,* 502 F.3d 192, 196–197 (2d Cir.2007). Thus, while "[i]gnorance of the law, even in the context of *pro se* litigants, does not constitute 'good cause' [under Rule 4(m) ]," *Obot v. Citibank S.D., N.A.,* 2006 U.S. Dist. LEXIS 75260 at *8 (W.D.N.Y.2006), the Court is nonetheless given an outlet to satisfy its "obligation ... to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983). When determining whether an extension is appropriate in the absence of good cause, a court considers such factors as: (1) whether the statute of limitations would bar the refiled action; (2) whether the defendant has attempted to conceal the defect in service; (3) whether the defen-

dant had actual notice of the claims asserted in the complaint; and (4) whether the defendant would be prejudiced by the granting of plaintiff's relief from the provision. *See Henderson v. United States,* 517 U.S. 654, 662, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996); *Lumbermens Mut. Cas. Co. v. Dinow,* 2009 WL 2424198 at *3–4, 2009 U.S. Dist. LEXIS 68658 at *10 (E.D.N.Y. 2009); *Vasquez v. Mill,* 2005 WL 1902913 at *2–3, 2005 U.S. Dist. LEXIS 16381 at *7 (S.D.N.Y.2005).

It is undisputed that if this action is dismissed, the statute of limitations has expired and Sims will be barred from reasserting any of his instant claims in federal court. Although Wegmans has acted forthrightly and made no attempt to conceal the defect in service, appearing and moving to dismiss the action just three days after plaintiff filed the affidavit of service on Wegmans on September 20, 2008 (Dkt. # 15), Wegmans does not deny that it has now received actual notice of plaintiffs' claims. Wegmans became aware of this action, and of the nature of plaintiff's claims, at the very latest on December 7, 2007—just nine weeks after the action was commenced—when it was served with copies of several motions made by plaintiff in this action, including a motion for summary judgment which described his claims in detail. Furthermore, the length of the delay is not so great as to prejudice Wegmans in its ability to defend against Sims' claims on the merits.

The problem, and the dispositive factor in this particular case, is that I cannot conclude that Sims acted diligently to effect service, or that his failure to timely serve Wegmans was the product of a solitary mistake, worthy to be excused. The federal complaint was filed over two years ago in November, 2007. Sims was well aware of the claimed-defect in service and had ample time and opportunity to cure it,

but chose not to do so. In fact, this Court has *already* granted Sims an extension of time pursuant to Fed. R. Civ. Proc. 4(m). By Order entered April 11, 2008 (Dkt. # 12), the Court granted Sims' motion for leave to proceed *in forma pauperis*, and granted a motion to dismiss by two of the defendants; the EEOC and the NYSDHR. In addition to that dismissal, I expressly directed the Clerk to cause the United States Marshal's Service to serve copies of the summons and amended complaint on both Wegmans and Teamsters Local Union 118. By that Order and pursuant to Fed. R. Civ. Proc. 4(m), I extended Sims' time to effect service by an additional 120 days. The docket sheet reflects that three days after that Order was issued, on April 14, 2008, summonses and United States Marshal forms were mailed to the plaintiff so they could be completed and returned to the Marshal for service. There is no evidence that Sims ever completed the forms or returned them to the United States Marshal. Once the service issue had been identified by the Court and an extension granted, Sims was on notice of the issue, and had before him all of the tools necessary to effect timely service. Because Sims chose not to take advantage of that extension, the present quandary is largely one of his own making.

Based on the foregoing, I find that Sims is not entitled to an extension of time to serve the summons and amended complaint on the two remaining defendants.

## CONCLUSION

Defendant's motion to dismiss (Dkt. # 26) is granted, and the complaint is dismissed in its entirety, with prejudice.

---

**1.** This motion is duplicative of plaintiff's second motion for default judgment (Dkt. # 28),

Plaintiff's motion for default judgment (Dkt. # 9) is also denied.[1]

IT IS SO ORDERED.

which the Court already dismissed on July 1, 2009. (Dkt. # 36).