■ VIRGINIA B. MILLER, Individually and as Administratrix of the Estate of LAVERN M. MILLER, Deceased, Respondent, v ERIE LACKAWANNA RAILROAD COMPANY, Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: The question presented in the appeal of this wrongful death action is whether the Statute of Limitations was tolled by delivery of a summons to the Sheriff of Erie County on November 7, 1977, eight days before the period of limitations expired, and service on the defendant corporation in Cleveland, Ohio, within 60 days thereafter. The cause of action arose in Allegany County on November 15, 1975. In June, 1972 defendant filed a petition in bankruptcy in Cleveland, Ohio, and trustees were appointed. Railroad operations continued until 12:01 A.M. on April 1, 1976 and after that date the operating assets of defendant were transferred to the Consolidated Rail Corporation (ConRail) pursuant to Federal legislation. At the time of the purported service of process Erie Lackawanna Railroad Company was still authorized to do business in the State of New York and was winding up its affairs under the jurisdiction of the Bankruptcy Court, but had no officer, agent or employee of the corporation or the trustees in western New York authorized to accept service of process. The same was true for ConRail. The plaintiff, however, was not without a remedy. The designated agents for service of process in New York were the Secretary of State and C. T. Corporation in New York City. CPLR 311 (subd 1) provides that: "Personal service upon a corporation * * * shall be made by delivering the summons [to a] general agent * * * or to any other agent authorized by appointment or by law to receive service." In addition, the defendant being a corporation, plaintiff could have tolled the Statute of Limitations for 60 days by delivering the summons to the Sheriff in the county in which the cause of action arose, Allegany County, notwithstanding the absence of persons in western New York who would be amenable to service on behalf of the corporation (CPLR 203, subd [b], par 5; *McNab v Wilson Mach. Div. of Wilson Eng.,* 66 AD2d 1019). Plaintiff having failed to effect service in a manner provided by law, defendant's motion for dismissal should have been granted. (Appeal from order of Erie Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Schnepp, Doerr, Witmer and Moule, JJ.