■ HARTFORD INSURANCE COMPANY, as Subrogee of WADE BECKER et al., Respondent, v UNIVERSAL ELECTRIC COMPANY et al., Appellants. — In a negligence action to recover damages for injury to personal property, defendants appeal from so much of an order of the Supreme Court, Westchester

County (Kelly, J.), entered November 8, 1982, as denied their motion to dismiss the complaint on the ground that the cause of action asserted is barred by the Statute of Limitations. Order affirmed, insofar as appealed from, with costs. Plaintiff commenced this action as subrogee to recover damages for injury to personal property sustained by a fire occurring on May 19, 1979 in Westchester County. On May 18, 1982, a day before the three-year Statute of Limitations for negligence was due to expire, it served three copies of a summons with notice upon the Westchester County Sheriff, bearing the names of three foreign corporations, which do not have a place of business in the State, as defendants. This was apparently done in an effort to obtain an additional 60 days in which to make service as provided by CPLR 203 (subd [b], par 5). Service was effected on the Secretary of State, pursuant to the Business Corporation Law, on May 21 and May 24, 1982. Following service of a notice of appearance and receipt of the complaint, defendants moved to dismiss on the dual grounds that the complaint failed to state a cause of action and that the Statute of Limitations had expired because, under their reading of *Arce v Sybron Corp.* (82 AD2d 308), service upon the Westchester County Sheriff did not satisfy the tolling requirements of CPLR 203 (subd [b], par 5), as they could not be otherwise served in Westchester County. Special Term dismissed the complaint for failure to state a cause of action, with leave to file an amended complaint, but found the Statute of Limitations defense to be without merit. Defendants appeal from "so much of [the] order which denied dismissal of plaintiff's complaint on the ground that it is barred by the Statute of Limitations". We affirm. Defendants' reliance upon *Arce v Sybron Corp.* (82 AD2d 308, *supra*) is misplaced. Pursuant to CPLR 203 (subd [b], par 5) a toll of the Statute of Limitations may be had if service or filing is made with the appropriate public servant in either the county in which a corporate defendant "may be served" or in which the "claim arose". In *Arce (supra,* p 319) we held that when the "may be served" option is utilized the only appropriate county is one "in which one of the officers, directors, employees or agents of the corporation enumerated in CPLR 311 (subd 1) either has his dwelling or place of business". We did not concern ourselves with the "claim arose" option. The "claim arose" county is an alternative and, when utilized, the service requirements we set forth in *Arce (supra)* need not be complied with (see *Miller v Erie Lackawanna R. R. Co.,* 72 AD2d 956; Siegel, NY Prac, 1981-1982 Pocket Part, § 47, p 12; Farrell, Civil Practice, 32 Syr L Rev 75, 100; cf. *McNab v Wilson Mach. Div. of Wilson Eng.,* 66 AD2d 1019, 1020; *Parkhurst v First & Merchants Corp.,* 100 Misc 2d 69, 71, affd 78 AD2d 783). Since the cause of action arose in Westchester County, service on that county's Sheriff was sufficient to obtain the toll. Titone, J. P., Mangano, Gibbons and Gulotta, JJ., concur.