■ EVELYN PLACE, Appellant, v FRANCES S. SCHWARTZ et al., Defendants, and ATLANTIC RICHFIELD Co., Respondent. — In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered February 16, 1983, which granted defendant Atlantic Richfield Co.'s motion for an order dismissing the plaintiff's complaint as against it on the ground that her action was barred by the Statute of Limitations. ¶ Order reversed, on the law, with costs, and defendant Atlantic Richfield Co.'s motion denied. ¶ A copy of the summons and complaint was concededly delivered to the Sheriff of the county in which plaintiff's cause of action arose one day before the expiration of the applicable three-year Statute of Limitations. It is also conceded that defendant Atlantic Richfield Co. was served within 60 days thereafter pursuant to the provisions of the Business Corporation Law. Accordingly, the plaintiff's cause of action was interposed within three years of its accrual (CPLR 203, subd [b], par 5; *Hartford Ins. Co. v Universal Elec. Co.,* 97 AD2d 498). ¶ The case of *Arce v Sybron Corp.* (82 AD2d 308) has no application to these facts. *Arce v Sybron Corp. (supra)* did not involve the delivery of a summons and complaint to the Sheriff of the county where the cause of action arose, and that mode of obtaining the 60-day toll of CPLR 203 (subd [b], par 5) was not invalidated by the holding in that case (see *Hartford Ins. Co. v Universal Elec. Co., supra).* Mangano, J. P., O'Connor, Boyers and Eiber, JJ., concur.