■ JAMES HALLIDAY, Respondent, v GOTTLIEB CONTRACTORS, INC., Appellant. [613 NYS2d 248] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated October 15, 1992, as denied its motion to dismiss the complaint on the ground that the action was barred by the Statute of Limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was allegedly injured on October 10, 1988, when he fell into an unguarded hole dug by the defendant in

the Ulmer Park Bus Depot in Brooklyn. On October 8, 1991, the plaintiff filed his summons and complaint in the office of the County Clerk of Kings County pursuant to CPLR 203 (b) (5); thereafter, he served the defendant corporation at its office in Nassau County on November 22, 1991, within the sixty-day period provided by CPLR 203 (b) (5). The defendant claims that pursuant to CPLR 203 (b) (5), the plaintiff was required to file the summons and complaint with the Sheriff of Nassau County and not with the County Clerk of Kings County. Thus, the defendant argues that because the plaintiff did not comply with CPLR 203 (b) (5), service upon it was not completed within three years of the date the cause of action accrued and the action is barred by the Statute of Limitations. We disagree.

Pursuant to CPLR 203 (b) (5), when the defendant is a corporation, a plaintiff is permitted to file the summons and complaint with the proper official of, *inter alia,* the county in which the cause of action arose, even if he knows the corporation "resides" elsewhere. Since the plaintiff's cause of action arose in Kings County, he was properly permitted to file the summons and complaint with the County Clerk of Kings County *(see, Hartford Ins. Co. v Universal Elec. Co.,* 97 AD2d 498; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:7, at 153). Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.